```
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF FLORIDA

                                      CASE  NO.  07-60110-CIV-ZLOCH
                                      MAGISTRATE JUDGE P. A. WHITE

DANIEL LIGHTBURN,                :

     Plaintiff,                  :

v.                               :          REPORT OF
                                             MAGISTRATE JUDGE
                                 :
BROWARD COUNTY SHERIFF'S
OFFICE,                          :

     Defendant.                  :
_____  :
```

I.  Introduction

The plaintiff Daniel Lightburn has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis.

At the time the plaintiff filed the Complaint, he was detained at the Sheriff's North Jail in Broward County. On February 22, 2007, the plaintiff submitted an application to proceed in forma pauperis, on which he indicated that he had a new address, which appears to be a "free world" address. [DE# 5]. It is unclear, however, whether the plaintiff has been released from detention or whether he simply desires that the new street address provided be the address of record. This confusion stems from the fact that the plaintiff submitted a copy of his inmate account statement along with the application to proceed in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> * * *
>
> (B) the action or appeal –
>
> * * *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must

apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998). An action is considered "frivolous" if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Fed.R.Civ.P. 8(a); Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11 Cir. 2001), cert. denied, 534 U.S. 1129 (2002). While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (quotations and citations omitted). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11 Cir. 1998).

3

The plaintiff claims that his pretrial release was wrongfully terminated when his Broward County probation officer determined, incorrectly, that he violated the conditions of his pretrial release by becoming intoxicated. He seeks release from custody and a finding that the Broward County Sheriff's Office, the sole defendant, was negligent.

If the plaintiff has been released from detention, then his Complaint is moot because he has received the remedy he seeks. The Court cannot issue a declaratory finding that the Broward Sheriff's Office was negligent, as the Broward Sheriff's Office is not a proper party in a federal civil rights action. The Broward County Sheriff's Office is not a "person" within the meaning of §1983 and thus may not be held liable in a civil rights suit for damages. Although certain governmental entities can under some circumstances be deemed "persons" within the meaning of §1983, under Florida law Sheriff's Departments are not governmental bodies. They have no status as a legal entity and therefore cannot sue or be sued. See Dean v. Barber, 951 F.2d 1210 (11 Cir. 1992). Accordingly, the complaint against the Broward County Sheriff's Department is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

In any event, even if the plaintiff is still in custody, the Court cannot grant the requested relief. Because the plaintiff is a pretrial detainee and his state criminal proceedings are still in progress, this Court is prohibited from interfering therein. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. See Arkebauer v. Kiley, 985 F.2d 1351, 1357 (7 Cir. 1993). Resolving the plaintiff's Section 1983 claims would significantly interfere with pending state criminal proceedings, and the plaintiff has not alleged that any extraordinary circumstances exist for interfering with his apparently ongoing state case.

Moreover, a state prisoner may not seek release as a remedy in a civil rights action; the proper action to seek release from state custody in federal court is a habeas corpus petition rather than a civil rights action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

### III.   Recommendation

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 21st day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Daniel Lightburn, Pro Se
      18801 N.W. 28 Place
      Opa Locka, FL 33056